10-2622-cv
*Hassan v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT:  JON O. NEWMAN,
                  JOSEPH M. McLAUGHLIN*,*
                  DEBRA ANN LIVINGSTON,
                                    *Circuit Judges*.

---

ABDUL KARIM HASSAN,
            *Plaintiff-Appellant*,

  -v.-                                                              No. 10-2622-cv

UNITED STATES OF AMERICA
            *Defendants-Appellee*,

---

ABDUL KARIM HASSAN, Queens Village, New York *pro se*.

VAURUNI NELSON, Assistant United States Attorney (Tiana A. Demas *on the brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Abdul Karim Hassan appeals from the district court's dismissal of his complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. That complaint alleges principally that the "natural born citizen" requirement contained in Article II, Section 1 of the U.S. Constitution is "trumped" by the Fifth and Fourteenth Amendments. Specifically, Hassan contends that the constitutional provision—which in relevant part provides that "[n]o Person except a natural born Citizen . . . shall be eligible to the Office of President"—is in conflict with the Fourteenth Amendment's prohibition on "any law which shall abridge the privileges or immunities of citizens of the United States" and the Supreme Court's interpretation of the Fifth Amendment as prohibiting discrimination on the basis of national origin. He further alleges that he has been injured by this provision insofar as he intends to seek the presidency in 2012, as evinced by his registration of the domain name abdulhassanforpresident.com. The district court determined that the complaint failed to state a plausible claim to relief and therefore dismissed the complaint, a finding defendant-appellee the United States of America urges us to adopt on appeal. Alternatively, the government contends before this Court, as it did below, that plaintiff lacks standing to pursue this claim. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

We begin, as the district court did, with the question of standing.[1] Our standing jurisprudence, which derives from the "case or controversy" requirement of Article III, *see Sullivan v. Syracuse Hous. Auth.*, 962 F.2d 1101, 1106 (2d Cir. 1992), imposes on any party invoking federal jurisdiction a burden to establish: (1) that it has suffered an injury in fact, (2) that is causally

---

[1] In so doing, we assume without deciding that the United States—as opposed to any individual or specific office or agency of the United States or any state or locality—is properly named as the defendant in this action.

connected to the defendant, and (3) that is likely to be redressed by the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Port Wash. Teachers' Ass'n v. Bd. of Ed.*, 478 F.3d 494, 498 (2d Cir. 2007). The first requirement—an injury in fact—has been repeatedly described as the "hard floor of Article III jurisdiction," *Summers v. Earth Island Inst.*, -- U.S.--, 129 S.Ct. 1142, 1152, 173 L. Ed. 2d 1 (2009), and requires a litigant to show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," *Defenders of Wildlife*, 504 U.S. at 560. The district court concluded that Hassan satisfied this requirement because he had alleged a present injury in the form of a "denial of his right to run for election with his own knowledge and that of the voters that he is eligible to *serve* as President of the United States." We disagree.

Hassan's bare assertion that he "intends to seek the Presidency of the United States in the year 2012, and thereafter if necessary," is, by itself, insufficient to establish the sort of "actual or imminent, not conjectural or hypothetical" injury required to establish standing. As a preliminary matter, Hassan alleges virtually nothing in support of this ostensible intention to run for office and thus the likelihood that he might ever actually be impacted by the constitutional provision in question. Indeed, aside from registering a domain name—itself an act that takes just moments to complete—the complaint alleges no specific steps toward, or concrete plans in furtherance of, a run for the presidency. That he *might* mount a run for the presidency which *might* result in some form of future injury is simply insufficient to satisfy the injury-in-fact-requirement. *See Summers*, 129 S.Ct. at 1151 ("Such 'some day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") (quoting *Defenders of Wildlife*, 504 U.S. at 564).

3

Moreover, even were we to credit Hassan's proffered intention to run, Hassan has nonetheless failed to allege with any specificity how the natural born citizen requirement has already injured him or is likely to injure him in the immediate future. Hassan does not allege, for example, that any potential voter or contributor has declined to support him in light of his ineligibility for office if elected, nor does he allege that he has been rebuffed in any attempt to get on the ballot in any state or affiliate with any party. Indeed, Hassan's complaint does virtually nothing to distinguish him from the millions of other naturalized citizens all of whom are similarly impacted by the natural born citizen requirement. *Cf. Summers*, 129 S.Ct. at 1149 (noting that the pertinent question is whether "the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction"); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) ("Standing has been rejected [where] . . . the alleged injury is . . . a grievance the [plaintiff] suffers in some indefinite way in common with people generally.")

We therefore conclude that Hassan lacks standing to pursue these claims. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4